UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tammie Robinson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:1:13-cv-921 |
| | ) |
| Performant Recovery, Inc., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Tammie Robinson, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Performant Recovery, Inc. (hereinafter referred to as "Performant"), is a debt collection agency and/or debt purchaser operating from an address of 333 N. Canyons Parkway, Suite 100, Livermore CA 94551.

14. The Defendant Performant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

2

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On or about September 25, 2012, the Defendant sent a dunning letter to the Plaintiff in an attempt to collect an alleged debt.  *See Exhibit "2" attached hereto*.

26. The dunning letter dated September 25, 2012, contained the following language, "[t]his letter serves as formal notice that your above-referenced delinquent account has been referred to Performant Recovery, Inc. for collection."  In addition the letter contains the 30 day verification notice on the back.  *See Exhibit "2" attached hereto*.

27. The September 25, 2012, letter also states that the original creditor is First Marblehead Education Resource, and the current creditor is National Collegiate Trust.  *See Exhibit "2" attached hereto*.

28. The September 25, 2012, letter states that the balance is $15,430.62 "as of: 6/15/2012".  *See Exhibit "2" attached hereto*.

29. However, immediately underneath that statement, the letter **dated** September 25, 2012, states, "As of the date of this letter, you owe the balance reflected."  *See Exhibit "2" attached hereto*.

30. Thus, the letter was representing to the Plaintiff that the amount owed had remain consistent and unchanged for over three months, yet also stated, "[b]ecause of interest and other charges that may vary from **day to day**, the amount due on the day you pay may be greater.". (emphasis added) *See Exhibit "2" attached hereto*.

31. The Defendant sent the Plaintiff another dunning letter dated September 28, 2012, three days into the 30 day verification period.  *See Exhibit "3" attached hereto*.

32. The letter dated September 28, 2012, now states that the original creditor is National Collegiate Trust, whereas just three days before the original creditor was First Marblehead Education Resource.  *See Exhibit "3" attached hereto*.

33. The Defendant then misrepresented the original creditor to the Plaintiff in either the September 25, 2012, letter or the September 28, 2012, or possibly both.

34. The September 28, 2012, letter also states that the balance is $15,436.95.  Thus, according to the Defendant, interest over three (3) months only increased by $6.33.  *See Exhibit "3" attached hereto*.

35. The Defendant then represented to the Plaintiff in its September 25, 2012 letter that the balance had not changed in over three months, however it began to rise after the Defendant had the debt for only three days.

36. Therefore, the Defendant was charging the Plaintiff fees and/or interest that were not authorized by the agreement creating the debt or permitted by law.

37. In the letter dated September 28, 2013, the Defendant stated that it would use ". . .all approved means at our command to collect debts. . .".  This language overshadows the 30 Day verification notice set forth in the September 25, 2013, letter.

38. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 38 of the complaint are realleged and incorporated herewith by references.

2. The Defendant engaged in conduct the natural consequence is to harass or oppress any person pursuant to the preface of 15 U.S.C. § 1692d when sending a dunning letter three days into the validation period that stated a different amount and original creditor for the debt it was attempting to collect.

3. The Defendant violated 15 U.S.C. § 1692e by misrepresenting the character or amount of the debt when in its September 25, 2012 letter the Defendant stated that the amount was "as of 6/15/2012" and as of September 25, 2012, yet stating a different amount three days later in its follow up letter.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by sending the Plaintiff a second dunning letter three days into the validation period.

5. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by .

6. The Defendant J. Mark violated 15 U.S.C. § 1692e when it sent a dunning letter representing to the Plaintiff that it was collecting on behalf of the original creditor when in fact it was collecting for a debt collector, most likely, the Defendant IDR.

7. The Defendants' actions and omissions constitute a violation of 15 U.S.C. § 1692g.

8. The Defendants' actions and omissions constitute a violation of 15 U.S.C. § 1692e.

9. The Defendants' actions and omission constitute a violation of 15 U.S.C. § 1692f.

10. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp

John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com